UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL WILLIAMSON et al., )
)
   Plaintiffs, )
)
vs. ) 3:12-cv-00082-RCJ-WGC
)
WELLS FARGO MORTGAGE BACKED ) **ORDER**
SECURITIES 2005-AR3 TRUST et al., )
)
   Defendants. )
)

This is a nonstandard foreclosure case involving one property. The Complaint filed in state court lists three nominal causes of action: (1) Injunctive and Declaratory Relief; (2) Tortious Breach of the Implied Duty of Good Faith and Fair Dealing; and (3) Breach of Contract and the Covenant of Good Faith and Fair Dealing. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona and does not appear eligible for transfer. Defendants removed and have moved to dismiss. For the reasons given herein, the Court grants the motion.

I.  **THE PROPERTY**

Michael and Deborah Williamson gave lender UBS Mortgage LLC ("UBS") a $337,500 promissory note secured by real property at 2444 Sagittarius Dr., Reno, NV 89509 (the "Property"). (*See* Deed of Trust ("DOT") 1–3, Apr. 29, 2004, ECF No. 6-4). The trustee was United Title of Nevada ("United Title"). (*See id.* 2). Defendants note in their motion that the

DOT represented a refinancing of a prior mortgage. Ticor Title of Nevada ("Ticor Title") filed the notice of default ("NOD") based on a default of $34,743.41 as of September 23, 2010, as agent for National Default Servicing Corp. ("NDSC"), as agent for Wells Fargo. (*See* NOD, Sept. 23, 2010, ECF No. 6-6). NDSC filed a second NOD based on a default of $54,161.01 as of July 15, 2011, as agent for Wells Fargo. (*See* NOD, July 15, 2011, ECF No. 6-7). NDSC scheduled a trustee's sale for November 16, 2011. (*See* Notice of Trustee's Sale, Oct. 20, 2011, ECF No. 6-9). The state Foreclosure Mediation program ("FMP") does not apply to the Property. (*See* FMP Certificate, Sept. 26, 2011, ECF No. 6-8).

## II.   ANALYSIS

The foreclosure may have been statutorily improper, because there is no evidence of when Wells Fargo obtained the beneficial interest or when NDSC became the trustee. However, Plaintiffs are in bankruptcy, and it they are judicially estopped from asserting wrongful foreclosure based upon events occurring in the bankruptcy case. Defendants explain that Plaintiffs have not made any payments since 2008 and that they participated in the Nevada FMP twice, entering into a trial loan modification, but that they failed to make the payments on the loan as modified, instead filing for Chapter 7 bankruptcy protection in this District on March 24, 2011. (*See* Voluntary Pet. in Case No. BK-N-11-50930-btb, Mar. 24, 2011, ECF No. 6-1). The Bankruptcy Court discharged them, (*see* Discharge, Aug. 31, 2011, ECF No. 6-2), based in part upon their representations that they possessed no claims against Defendants, (*see* Voluntary Pet., ECF No. 6-1, at 32), that the Property was encumbered by a valid first mortgage in the amount of $335,273 that shielded it from the claims of unsecured creditors, (*see id.*, ECF No. 6-1, at 21), as well as a second mortgage of $214,587.25, (*see id.*), and that they intended to surrender the Property, (*see id.*, ECF No. 6-1, at 39). After their discharge, the Bankruptcy Court twice granted a stay of foreclosure. The latest stay prevented the trustee's sale scheduled for November 16, 2011, and ordered that the sale could not occur on or before January 15, 2012. On

January 13, 2012, Plaintiffs filed the present Complaint in state court. The Court rules that Plaintiffs are judicially estopped from making the claims forming the basis of the present Complaint because of their previous representations to the Bankruptcy Court that the mortgage against the Property was a valid debt and that they intended to abandon the Property, which representations aided Plaintiffs in obtaining their Chapter 7 discharge.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 5) is GRANTED and any lis pendens on the Property is EXPUNGED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 11th day of May, 2012.

_____
ROBERT C. JONES
United States District Judge